(Reap. Dec. 9231)

LESLIE B. CANION *v.* UNITED STATES

Entry No. 4638–H.

(Decided October 10, 1958)

*Sharretts, Paley & Carter* for the plaintiff.
*George Cochran Doub,* Assistant Attorney General, for the defendant.

(Reap. Dec. 9232)

LESLIE B. CANION *v.* UNITED STATES

Entry No. 4135–H.

(Decided October 10, 1958)

*Sharretts, Paley & Carter* for the plaintiff.
*George Cochran Doub,* Assistant Attorney General, for the defendant.

JOHNSON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, that the merchandise consists of glassware, furniture and smoker's articles

exported from France, and that the issues of fact and law are the same in all material respects as the issues in *Bert Friedberg & Co.* v. *United States*, 36 Cust. Ct. 596, Reap. Dec. 8590 which record is incorporated with the appeal above-named.

IT IS FURTHER STIPULATED AND AGREED that the market value or the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise was freely offered for sale for home consumption to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was the invoice unit values plus 12.44%, plus the cost of packing as found by the appraiser, and that there was no higher export value.

IT IS FURTHER STIPULATED AND AGREED that there was an excess of 40 boxes of item number 21008 and that the market value or the price at the time of exportation of such merchandise to the United States, at which such or similar merchandise was freely offered for sale for home consumption to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was 337 French francs each, plus 12.44%, plus packing and that there was no higher export value.

IT IS FURTHER STIPULATED AND AGREED that the appeal be submitted on this stipulation.

On the agreed facts I find that the foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, is the proper basis for the determination of the value of all of the merchandise involved herein, and that such value for the invoiced merchandise is the unit invoiced values, plus 12.44 per centum, plus the cost of packing, as found by the appraiser, and for the excess merchandise, consisting of 40 boxes of item number 21008, is 337 French francs each, plus 12.44 per centum, plus packing.

Judgment will be rendered accordingly.